2011 42   1709

| | |
|---|---|
| STATE OF SOUTH CAROLINA | ) |
| | ) |
| COUNTY OF SPARTANBURG | ) |

IN THE COURT OF COMMON PLEAS
2011-CP-42-__5/12__

Fouad Marzouca,

     Plaintiff,

     vs.

GFG Realty Fund, LLC, Frederick D.
Gibbs, and Banc Capital & Financial
Services, Inc.,

     Defendants.

)
)
)
)
)
)
)
)
)
)
)
)
)

NOTICE OF PENDENCY OF ACTION
(Foreclosure, Deficiency Demanded,
Collection of Unsecured Loan)
Non-Jury

2011 NOV 21  PM 2: 24
HOPE BLACKLEY
CLERK OF COURT
SPARTANBURG COUNTY
FILED

     NOTICE IS HEREBY GIVEN that an action has been commenced, and is pending in this

Court upon complaint of the above named Plaintiff against the above named Defendants for the

foreclosure of a mortgage bearing date the 28th day of September, 2010 executed by GFG Realty

Fund, LLC and Frederick D. Gibbs and recorded in the Office of the ROD for the County of

Spartanburg on the 29th day of September, 2010 in Book 4391, at Page 463 and the said mortgaged

premises affected by the said foreclosure were at the time of the commencement of this action and

at the time of filing this notice are situated in the last mentioned county, and are described in the said

mortgage as follows, to wit:

     ALL those certain pieces, parcels or lots of land lying, situate and being in the State
of South Carolina, City and County of Spartanburg, being shown and designated as
Tract A on a plat prepared for Harold Simmons by James V. Gregory, RLS, dated
December 29, 1986 and recorded in Plat Book 99, at Page 651 in the Office of the
Register of Deeds for Spartanburg County, and Tract 1 as shown on a plat prepared
for Harold Simmons by James V. Gregory, RLS, dated December 29, 1986 and
recorded in Plat Book 99, at Page 652 in the office of the Register of Deeds for
Spartanburg County, and Tract D as shown on a plat prepared for Harold Simmons
by James V. Gregory, RLS, dated December 29, 1986 and recorded in Plat Book 99,
at Page 653, in the Office of the Register of Deeds for Spartanburg County, For a
more complete and particular description, reference is hereby made to the aforesaid
plats.

     These being the same properties conveyed to GFG Realty Fund, LLC by deed of
Virgie C. Simmons Family, LLC, dated September 28, 2010 and recorded September
29, 2010 in Deed Book 97-A, at Page 349, Register of Deeds Office for Spartanburg
County.

Properties Addresses: 269 S. Church St. and Church St., Spartanburg SC

Tax Map Nos.:       7-12-14-351.00 and 7-12-14-368.00

---

DAVID G. INGALLS, SC Bar No. 2888
PAUL A. McKEE, III, SC Bar No. 77926
Attorneys for Plaintiff
P. O. Box 2196
409 Magnolia Street
Spartanburg, S.C. 29304
(864) 573-5149

Dated: November 18, 2011

FILED
CLERK OF COURT
SPARTANBURG COUNTY
2011 NOV 21 PM 2:24
M. HOPE BLACKLEY

| | |
|---|---|
| STATE OF SOUTH CAROLINA )<br><br>COUNTY OF SPARTANBURG ) | IN THE COURT OF COMMON PLEAS |

STATE OF SOUTH CAROLINA )

COUNTY OF SPARTANBURG )
)
) IN THE COURT OF COMMON PLEAS
)
Fouad Marzouca )
**Plaintiff(s)** ) CIVIL ACTION COVERSHEET
)
) 2011-CP - 42- *5/12*
vs. )
)
GFG Realty Fund, LLC, et al. )
)
**Defendant(s)** )

(Please Print)
Submitted By: David G. Ingalls
Address: 409 Magnolia St.
       Spartanburg, SC 29303

SC Bar #:    **2888**
Telephone #:  **864-573-5149**
Fax #:      **864-948-1403**
Other:     **864-327-3002**
E-mail:   **mcantrell@hanovertitle.com**

NOTE: The cover sheet and information contained herein neither replaces nor supplements the filing and service of pleadings or other papers as required by law. This form is required for the use of the Clerk of Court for the purpose of docketing. It must be filled out completely, signed, and dated. A copy of this cover sheet must be served on the defendant(s) along with the Summons and Complaint.

## DOCKETING INFORMATION *(Check all that apply)*
*\*If Action is Judgment/Settlement do not complete*

☐ JURY TRIAL demanded in complaint.    ☒ NON-JURY TRIAL demanded in complaint.
☐ This case is subject to ARBITRATION pursuant to the Court Annexed Alternative Dispute Resolution Rules.
☐ This case is subject to MEDIATION pursuant to the Court Annexed Alternative Dispute Resolution Rules.
☒ This case is exempt from ADR. (Proof of ADR/Exemption Attached)

## NATURE OF ACTION *(Check One Box Below)*

| Contracts | Torts - Professional Malpractice | Torts – Personal Injury | Real Property |
|---|---|---|---|
| ☐ Constructions (100) | ☐ Dental Malpractice (200) | ☐ Assault/Slander/Libel (300) | ☐ Claim & Delivery (400) |
| ☐ Debt Collection (110) | ☐ Legal Malpractice (210) | ☐ Conversion (310) | ☐ Condemnation (410) |
| ☐ Employment (120) | ☐ Medical Malpractice (220) | ☐ Motor Vehicle Accident (320) | ☒ Foreclosure (420) |
| ☐ General (130) | Previous Notice of Intent Case # | ☐ Premises Liability (330) | ☐ Mechanic's Lien (430) |
| ☐ Breach of Contract (140) | 20____-CP-____-_____ | ☐ Products Liability (340) | ☐ Partition (440) |
| ☐ Other (199) | ☐ Notice/ File Med Mal (230) | ☐ Personal Injury (350) | ☐ Possession (450) |
| | ☐ Other (299) | ☐ Wrongful Death (360) | ☐ Building Code Violation (460) |
| | | ☐ Other (399) | ☐ Other (499) |

| Inmate Petitions | Judgments/Settlements | Administrative Law/Relief | Appeals |
|---|---|---|---|
| ☐ PCR (500) | ☐ Death Settlement (700) | ☐ Reinstate Driver's License (800) | ☐ Arbitration (900) |
| ☐ Mandamus (520) | ☐ Foreign Judgment (710) | ☐ Judicial Review (810) | ☐ Magistrate-Civil (910) |
| ☐ Habeas Corpus (530) | ☐ Magistrate's Judgment (720) | ☐ Relief (820) | ☐ Magistrate-Criminal (920) |
| ☐ Other (599) | ☐ Minor Settlement (730) | ☐ Permanent Injunction (830) | ☐ Municipal (930) |
| | ☐ Transcript Judgment (740) | ☐ Forfeiture-Petition (840) | ☐ Probate Court (940) |
| | ☐ Lis Pendens (750) | ☐ Forfeiture—Consent Order (850) | ☐ SCDOT (950) |
| | ☐ Transfer of Structured Settlement Payment Rights Application (760) | ☐ Other (899) | ☐ Worker's Comp (960) |
| | | | ☐ Zoning Board (970) |
| | ☐ Other (799) | | ☐ Public Service Commission (990) |
| | | | ☐ Employment Security Comm (991) |

| Special/Complex /Other | | |
|---|---|---|
| ☐ Environmental (600) | ☐ Pharmaceuticals (630) | ☐ Other (999) |
| ☐ Automobile Arb. (610) | ☐ Unfair Trade Practices (640) | |
| ☐ Medical (620) | ☐ Out-of-State Depositions (650) | |
| ☐ Other (699) | ☐ Motion to Quash Subpoena in an Out-of-County Action (660) | |
| | ☐ Sexual Predator (510) | |

Submitting Party Signature: _____    Date:  **November 18, 2011**

**Note:** Frivolous civil proceedings may be subject to sanctions pursuant to SCRCP, Rule 11, and the South Carolina Frivolous Civil Proceedings Sanctions Act, S.C. Code Ann. §15-36-10 et. seq.

## FOR MANDATED ADR COUNTIES ONLY

Allendale, Anderson, Beaufort, Colleton, Florence, Greenville, Hampton, Horry,
Jasper, Lexington, Pickens (Family Court Only), Richland, Union and York

SUPREME COURT RULES REQUIRE THE SUBMISSION OF ALL CIVIL CASES TO AN ALTERNATIVE
DISPUTE RESOLUTION PROCESS, UNLESS OTHERWISE EXEMPT.

**You are required to take the following action(s):**

1. The parties shall select a neutral and file a "Proof of ADR" form on or by the 210th day of the filing of this action. If the parties have not selected a neutral within 210 days, the Clerk of Court shall then appoint a primary and secondary mediator from the current roster on a rotating basis from among those mediators agreeing to accept cases in the county in which the action has been filed.

2. The initial ADR conference must be held within 300 days after the filing of the action.

3. Pre-suit medical malpractice mediations required by S.C. Code §15-79-125 shall be held not later than 120 days after all defendants are served with the "Notice of Intent to File Suit" or as the court directs. (Medical malpractice mediation is mandatory statewide.)

4. Cases are exempt from ADR only upon the following grounds:

   a. Special proceeding, or actions seeking extraordinary relief such as mandamus, habeas corpus, or prohibition;

   b. Requests for temporary relief;

   c. Appeals

   d. Post Conviction relief matters;

   e. Contempt of Court proceedings;

   f. Forfeiture proceedings brought by governmental entities;

   g. Mortgage foreclosures; and

   h. Cases that have been previously subjected to an ADR conference, unless otherwise required by Rule 3 or by statute.

5. In cases not subject to ADR, the Chief Judge for Administrative Purposes, upon the motion of the court or of any party, may order a case to mediation.

6. Motion of a party to be exempt from payment of neutral fees due to indigency should be filed with the Court within ten (10) days after the ADR conference has been concluded.

**Please Note:**    **You must comply with the Supreme Court Rules regarding ADR.**
**Failure to do so may affect your case or may result in sanctions.**

SCCA / 234 (01/2010)                                                   Page 2 of 2

STATE OF SOUTH CAROLINA    )
                               )    IN THE COURT OF COMMON PLEAS
COUNTY OF SPARTANBURG    )        2011-CP-42-_____ *5112*

Fouad Marzouca,                  )
                               )
        Plaintiff,          )
                               )
    vs.                      )          SUMMONS
                               )  (Foreclosure, Deficiency Demanded,
GFG Realty Fund, LLC, Frederick D.  )    Collection of Unsecured Loan)
Gibbs, and Banc Capital & Financial  )          Non-Jury
Services, Inc.,               )
                               )
        Defendants.      )
                               )

TO THE DEFENDANTS ABOVE-NAMED:

    YOU ARE HEREBY SUMMONED and required to answer the Complaint in this action, a copy of which is herewith served upon you, and to serve a copy of your Answer to the said Complaint on the Plaintiff(s) or his/her/their attorney, David G. Ingalls, at his office, P.O. Box 2196, 409 Magnolia Street, Spartanburg, South Carolina 29304, within thirty (30) days after the service hereof, exclusive of the day of such service, and if you fail to answer the Complaint within the time aforesaid, the Plaintiff(s) in this action will apply to the Court for the relief demanded in the Complaint.

                                   _____
                                   DAVID G. INGALLS, SC Bar No. 2888
                                   PAUL A. MCKEE, III, SC Bar No. 77926
                                   Attorneys for Plaintiff
                                   P. O. Box 2196
                                   409 Magnolia Street
                                   Spartanburg, S.C. 29304
                                   (864) 573-5149

Dated: November 18, 2011

**THIS IS AN ATTEMPT TO COLLECT A DEBT, AND ANY INFORMATION
OBTAINED WILL BE USED FOR THAT PURPOSE.**

STATE OF SOUTH CAROLINA     )

                        )     IN THE COURT OF COMMON PLEAS

COUNTY OF SPARTANBURG     )            2011-CP-42-_____5112

Fouad Marzouca,     )

                     )

        Plaintiff,     )

                     )

     vs.     )            COMPLAINT

                     )    (Foreclosure, Deficiency Demanded,

GFG Realty Fund, LLC, Frederick D.     )     Collection of Unsecured Loan)

Gibbs, and Banc Capital & Financial     )         Non-Jury

Services, Inc.,     )

                     )

        Defendants.     )

                     )

     The Plaintiff complaining of the Defendants, GFG Realty Fund, LLC, Frederick D. Gibbs, and Banc Capital & Financial Services, Inc., herein alleges and states:

     1. The Plaintiff is a citizen and resident of the County of Spartanburg, State of South Carolina.

     2. The Plaintiff verily believes the Defendant, GFG Realty Fund, LLC is a Delaware Limited Liability Company, registered as a foreign corporation in South Carolina, and doing business in Spartanburg County, South Carolina. The Plaintiff verily believes the Defendant Frederick D. Gibbs, is a citizen and resident of the State of South Carolina, County of Spartanburg and the Defendant Banc Capital & Financial Services, Inc. is a South Carolina corporation existing and doing business in Spartanburg County, South Carolina.

     3. Heretofore, on the 28th day of September, 2010, the Defendant GFG Realty Fund, LLC made, executed and delivered to the Plaintiff a certain Note and Mortgage securing real estate, wherein it promised to pay the Plaintiff the sum of Six Hundred Fifty Thousand and No/100 ($650,000.00) Dollars with interest at the rate of ten percent (10%) with a two percent (2%) loan fee due and payable in one balloon payment on March 31, 2011. The Defendant Frederick D. Gibbs, on same date, did execute and deliver to the Plaintiff his Guarantee, a copy of which is attached hereto and made a part hereof.

4. In order to secure the payment of said Note, the said Defendant, did on the same date, execute and deliver to the Plaintiff its Mortgage covering real property as shown on Exhibit A and described in the Deed as the same property. The said Mortgage is recorded in the Register of Deeds Office for Spartanburg County, South Carolina in Mortgage Book 4391, at Page 463. The Defendant Frederick D. Gibbs executed a Guarantee, dated September 28, 2010, guaranteeing payment of said Note.

5. That by the terms and conditions of the Note of the Plaintiff that the Defendant executed, that the Defendant agreed, among other things, that should it default in any payment due that then and in that event the Mortgage would be due and payable within thirty (30) days.

6. The Defendant has defaulted on said Note and Mortgage and refuses to bring them current.

7. In and by the terms of said Note, it is provided, among other things, that upon failure to pay any installment of either principal or interest or any portion thereof when due, or if any of the conditions and requirements in the note be not complied with, then the whole principal sum and accrued interest shall be at the option of the legal holder thereof become at once due and payable without notice and collectable.

8. In and by the terms of said Note, it is further provided that the makers thereof shall pay a reasonable amount as and for an attorney's fee if the said Note be placed in the hands of an attorney for collection after default.

9. The installment of principal and interest falling due from and after the 31st day of March, 2011, have not been paid although demand for the payment thereof has been made and the Plaintiff, as the holder of the said Note and Mortgage, has and does hereby elect to declare the entire balance of said principal and interest due and payable at once; that there is now due and owing and unpaid upon the said Note and Mortgage the full and just principal sum of Six Hundred Fifty Thousand and No/100 ($650,000.00) dollars, together with interest thereon at the rate of ten percent (10%) with a two percent (2%) loan fee per annum from the first day of 31st day of March, 2011, together with a reasonable amount of attorney fees for the collection thereof and the costs of this action.

10. The Plaintiff demands a deficiency judgment against the Defendant GFG Realty Fund, LLC for any deficiency in this action remaining after the sale of the mortgaged premises.

11. Pursuant to §37-3-105, *South Carolina Code of Laws* (1976 as amended), the mortgage lien, which is the subject of this action, is a first lien on real estate and is not a "consumer loan" for the purposes of the South Carolina Consumer Protection Code.

12. This action involves commercial real estate and the Home Affordable Modification Program (HMP) does not apply, nor does the South Carolina Supreme Court Administrative Order 2011-05-02-01 apply.

FOR A SECOND CAUSE OF ACTION
(Collection of Unsecured Loan)

13. That on the 11th day of April, 2011, the Defendants Banc Capital & Financial Services, Inc. and Frederick D. Gibbs made, executed, and delivered a Loan Promissory Note, unsecured, wherein they promised to pay to the Plaintiff the sum of Sixty One Thousand and No/10 ($61,000.00) Dollars, with interest in the amount of Ten Percent (10%) per annum. All outstanding principal and accrued interest was due and payable on May 11, 2011.

14. That the Defendants have defaulted on said Note and refuse to bring it current.

15. In and by the terms of said Note, it is provided, among other things, that upon failure to pay any installment of either principal or interest or any portion thereof when due, or if any of the conditions and requirements in the note be not complied with, then the whole principal sum and accrued interest shall be at the option of the legal holder thereof become at once due and payable without notice and collectable.

16. In and by the terms of said Note, it is further provided that the makers thereof shall pay a reasonable amount as and for an attorney's fee if the said Note be placed in the hands of an attorney for collection after default.

17. That the Plaintiff is entitled to a judgment against these Defendants in the amount of Sixty One Thousand and No/100 ($61,000.00) Dollars plus interest at the annual rate of Ten Percent (10%), along with reasonable attorney's fees and costs.

WHEREFORE, the Plaintiff prays judgment that:

a) The amount due upon the said Notes and Mortgage held by the Plaintiff be ascertained and determined under the direction of this Court, together with attorney fees and costs of this action;

b) Appoint a Receiver to collect the rents, issue, profits, or designated sums from the mortgagor and/or the grantee of the mortgagor and/or tenants occupying or exercising control over the mortgage premises and hold the same subject to the further order of this Court.

c) Plaintiff's mortgage be declared a lien and that the Plaintiff have judgment of foreclosure for the amount so found to be due and owing thereon, together with any taxes or insurance premiums which may be due or which may be or have been paid by the Plaintiff, with a reasonable amount as attorney fees, and for the costs of this action;

d) The premises be sold according to law and the practice of this Court, the equity or redemption be barred, and that the proceeds of sale be applied as follows:

First, to the costs and expenses of the within action and said sale;

Second, to the payment and discharge of the amount due on the Plaintiff's Note and Mortgage, together with attorney fees as aforesaid; and

Third, the surplus, if any, be distributed according to law; and

Fourth, for such other and further relief as to the Court may deem just and proper.

_____
DAVID G. INGALLS, SC Bar No. 2888
PAUL A. McKEE, III, SC Bar No. 77926
Attorneys for Plaintiff
P. O. Box 2196
409 Magnolia Street
Spartanburg, S.C.  29304
(864) 573-5149

Dated:  November 18, 2011

EXHIBIT A

ALL those certain pieces, parcels or lots of land lying, situate and being in the State of South Carolina, City and County of Spartanburg, being shown and designated as Tract A on a plat prepared for Harold Simmons by James V. Gregory, RLS, dated December 29, 1986 and recorded in Plat Book 99, at Page 651 in the Office of the Register of Deeds for Spartanburg County, and Tract 1 as shown on a plat prepared for Harold Simmons by James V. Gregory, RLS, dated December 29, 1986 and recorded in Plat Book 99, at Page 652 in the office of the Register of Deeds for Spartanburg County, and Tract D as shown on a plat prepared for Harold Simmons by James V. Gregory, RLS, dated December 29, 1986 and recorded in Plat Book 99, at Page 653, in the Office of the Register of Deeds for Spartanburg County,  For a more complete and particular description, reference is hereby made to the aforesaid plats.

These being the same properties conveyed to GFG Realty Fund, LLC by deed of Virgie C. Simmons Family, LLC, dated September 28, 2010 and recorded September 29, 2010 in Deed Book 97-A, at Page 349, Register of Deeds Office for Spartanburg County.

Addresses of Properties:        269 S. Church St. and Church St., Spartanburg SC

Tax Map Nos.:                   7-12-14-351.00 and 7-12-14-368.00

## NOTICE REQUIRED BY THE FAIR DEBT
## COLLECTION PRACTICES ACT
### 15 U.S.C. Section 1601, As Amended

1.  The amount of the debt is stated in the Complaint attached hereto.

2.  The Plaintiff as named in the attached Summons and Complaint is the creditor to whom the debt is owed.

3.  If the original creditor is different from the current creditor, the creditor's law firm will provide the debtor with the name and address of the original creditor if requested by the debtor, in writing, within thirty (30) days of the receipt of this notice.

4.  The debt described in the Complaint attached hereto and evidenced by the Note and Mortgage described therein will be assumed to be valid by the creditor's law firm unless the debtor, within thirty (30) days after the receipt of this notice, disputes, in writing, the validity of the debt or some portion thereof.

5.  If the debtor notifies the creditor's law firm in writing within thirty (30) days of the receipt of this notice that the debt or any portion thereon is disputed, the creditor's law firm will obtain a verification of the debt, and a copy of the verification will be mailed to the debtor by the creditor's law firm.

6.  Written requests should be addressed to David G. Ingalls, Attorney at Law, 409 Magnolia Street, Spartanburg, South Carolina 29303.

**THIS IS AN ATTEMPT TO COLLECT A DEBT, AND ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE.**



PROMISSORY NOTE

Spartanburg, South Carolina

September 28, 2010

FOR VALUE RECEIVED, GFG Realty Fund, LLC ("Borrower") promises to pay to the order of Fouad Marzouca ("Lender") the principal sum of $650,000.00 with interest thereon at the annual rate of ten (10%) percent.

This note shall be repaid in one balloon payment of all principal and interest together with a two (2%) percent loan fee in the amount of $13,000.00.  The outstanding balance and loan fee are due on March 31, 2011.  In the event of a default hereunder, the holder hereof may (after any applicable cure periods) accelerate the entire indebtedness and call the entire balance of this note immediately due and payable.

All payments under this Note shall be applied first to accrued interest and then to principal.  All payments are payable in lawful money of the United States of America.

If this Note is placed in the hands of an attorney for collection or is collected through any legal proceedings, Borrower promises to pay all expenses of collection and reasonable attorney's fees incurred by Lender.

In the event the interest provisions hereof or any exactions provided for herein or in the lien documents or any other instruments securing this Note shall result at any time during the life of the loan in an effective rate of interest which, for any period of time, transcends the limit of the usury or any other law applicable to the loan evidenced hereby, all sums in excess of those lawfully collectible as interest for the period in question, at the option of Lender, without further agreement or notice between or by any party hereto, shall be deemed applied to principal immediately upon receipt of such monies by Lender.  Notwithstanding the foregoing, Lender may at any time and from time to time elect to reduce the collection of any interest to that permitted by law.

This Note shall be secured by a first priority mortgage against that certain improved real property owned by the makers hereof located at 269 S. Church Street, Spartanburg, SC.

Borrower and all endorsers, guarantors and all persons liable or to become liable on this Note waive presentment, protest and demand, notice of protest, demand and dishonor and nonpayment of this Note, and consent to any and all renewals and extensions of the time of payment hereof, and agree, further, that at any time and from time to time without notice, the terms of payment herein may be modified or the security described in any lien document securing the Note released in whole or in part, or increased, changed or exchanged by agreement between Lender and any owner of property affected by said lien document without in anywise affecting the liability of any party to this instrument or any person liable with respect to any indebtedness evidenced hereby.

## THIS AGREEMENT IS SUBJECT TO ARBITRATION
## PURSUANT TO THE UNIFORM ARBITRATION ACT (SOUTH CAROLINA)

Borrower's Initials: _____

1

Lender is not required to rely on the collateral for the payment of the Note in the event of default by the Borrower, but may proceed directly against the Borrower and any guarantors or endorsers in such manner as it deems desirable. None of the rights and remedies of Lender hereunder is to be waived or affected by failure or delay to exercise them. All remedies conferred on Lender by this Note or any other instrument or agreement shall be cumulative, and none is exclusive. Such remedies may be exercised concurrently or consecutively at Lender's option.

This Note may be prepaid in whole or in part at any time without penalty.

This Note shall be governed as to validity, interpretation, construction, effect, and in all other respects by the laws and decisions of the State of South Carolina.

Wherever possible each provision of this Note shall be interpreted in such manner as to be effective and valid under applicable law, but if any provision of this Note or portion thereof shall be prohibited by or be invalid under such law, such provision shall be ineffective to the extent of such prohibition or invalidity, without invalidating the remainder of such provision or the remaining provisions of this Note.

This Note may be assigned by Lender with or without recourse.

Subject to the foregoing, Borrower submits to the jurisdiction of any court of competent jurisdiction within the State of South Carolina. Borrower further agrees to comply with all requirements necessary to give such court in personam jurisdiction and agrees that service of process may be accomplished by, in addition to any other lawful means, certified mail, return receipt requested.

GFG Realty Fund, LLC
By: GFG, LP, Its Sole Member
By: GFG, LLC, Its General Partner

By: _____
Frederick D. Gibbs, Sole Member

REM 4391 PAGE 463

This instrument was prepared by:
Steven M. Guerin, Esq.
Johnson, Smith, Hibbard & Wildman, L.L.P.
P.O. Drawer 5587
Spartanburg, SC 29304

After recording this instrument should be
returned to the attention of the above-named.

STATE OF SOUTH CAROLINA            )
                                   )    **MORTGAGE OF REAL ESTATE**
COUNTY OF SPARTANBURG              )

THIS MORTGAGE is dated September 28, 2010.

THE "MORTGAGOR" referred to in this Mortgage is
GFG Realty Fund, LLC, a Delaware limited liability company, whose address is
PO Box 3218
Spartanburg, SC 29304

THE "MORTGAGEE" is
Fouad Marzouca whose address is
230 Creekridge Drive
Spartanburg, SC 29301

MTG-2010-36372
Recorded 5 Pages on 9/29/2010 1:20:43 PM
Recording Fee: $11.00 Documentary Stamps: $0.00
Office of Register of Deeds, Spartanburg, S.C.
Stephen Ford, Register

THE "NOTE" is a note from Mortgagor to Mortgagee of even date herewith in the original principal amount of $650,000.00. The Note and any documents renewing, extending or modifying it and any notes evidencing future advances are all referred to as the "Note" and are considered to be a part of this Mortgage. The final maturity of the note is March 31, 2011. The amount of debt secured by this Mortgage, including the outstanding amount of the Note and all Future Advances under paragraph 13 below, shall at no time exceed $650,000.00, plus interest, attorneys' fees, and court costs incurred in collection of amounts due hereunder, and Expenditures by Mortgagee under paragraph 5 below. Interest under the Note will be deferred, accrued or capitalized, but Mortgagee shall not be required to defer, accrue or capitalize any interest except as provided in the Note.

THIS MORTGAGE is given to secure to Mortgagee the repayment of the following amounts, with interest: (a) the indebtedness evidenced by the Note; (b) any Future Advances made under paragraph 13 below; (c) Expenditures by Mortgagee under paragraph 5 below; and (d) attorneys' fees, court costs and other amounts which may be due under the Note and this Mortgage. In consideration of the above indebtedness and for other valuable consideration which Mortgagor acknowledges receiving, Mortgagor does hereby mortgage, grant and convey to Mortgagee, its successors and assigns, the following described property:

**SEE EXHIBIT "A" ATTACHED HERETO AND INCORPORATED HEREIN BY REFERENCE**

TOGETHER with all and singular rights, members, hereditaments and appurtenances belonging or in any way incident or appertaining thereto; all improvements now or hereafter situated thereon; and all fixtures now or hereafter attached thereto (all of the same being deemed part of the Property and included in any reference thereto);

TO HAVE AND TO HOLD all and singular the Property unto Mortgagee and the successors and assigns of Mortgagee forever.

MORTGAGOR covenants that Mortgagor is lawfully seized of the Property in fee simple absolute, that Mortgagor has good right and is lawfully authorized to sell, convey or encumber the same, and that the Property is free and clear of all encumbrances except as expressly provided herein. Mortgagor further covenants to warrant and forever defend all and singular the Property unto Mortgagee and the successors or assigns of Mortgagee from and against Mortgagor and all persons whomsoever lawfully claiming the same or any part thereof.

PROVIDED ALWAYS, nevertheless, and it is the true intent and meaning of Mortgagor and Mortgagee, that if Mortgagor pays or causes to be paid to Mortgagee the debt secured hereby, the estate hereby granted shall cease, determine and be utterly null and void; otherwise said estate shall remain in full force and effect.

IT IS AGREED that Mortgagor shall be entitled to hold and enjoy the Property until a Default as herein defined has occurred.

MORTGAGOR further covenants and agrees with Mortgagee as follows:

1.    Assignment of Rents and Profits. As further security for all sums secured by this Mortgage, Mortgagor assigns to Mortgagee all rents and profits arising from the Property; provided, however, that so long as no Default as hereinafter defined has occurred, Mortgagor shall be entitled to collect and retain all such rents and profits as the sole property of Mortgagor without accounting to Mortgagee therefor.

2.    Maintenance. Mortgagor will maintain the Property in good condition and repair and will neither permit nor allow waste thereof. Mortgagor will promptly repair or restore any portion of the Property which is damaged or destroyed by any cause whatsoever and will promptly pay when due all costs and expenses of such repair or restoration. Mortgagor will not remove or demolish any improvement or fixture which is now or hereafter part of the Property and will cut no timber on the Property without the express written consent of Mortgagee. Mortgagee shall be entitled to specific performance of the provisions of this paragraph.

REK 4391 PAGE 464

3. **Insurance.** Mortgagor will keep all improvements and fixtures which are now or hereafter part of the Property insured by such company or companies as Mortgagee may reasonably approve for the full insurable value thereof against all risks including, if coverage is available, flood and earthquake. Such insurance will be payable to Mortgagee as the interest of Mortgagee may appear pursuant to the New York standard form of mortgagee clause or such other form of mortgagee clause as may be required by the Mortgagee and will not be cancelable by either the insurer or the insured without at least ten (10) days prior written notice to Mortgagee. Mortgagor hereby assigns to Mortgagee the right to collect and receive any indemnity payment otherwise owed to Mortgagor upon any policy of insurance insuring any portion of the Property, regardless of whether Mortgagee is named in such policy as a person entitled to collect upon the same. Any indemnity payment received by Mortgagee from any such policy of insurance may, at the option of Mortgagee, (i) be applied by Mortgagee to payment of any sum secured by this Mortgage in such order as Mortgagee may determine or (ii) be applied in a manner determined by Mortgagee to the replacement, repair or restoration of the portion of the Property damaged or destroyed or (iii) be released to Mortgagor upon such conditions as Mortgagee may determine or (iv) be used for any combination of the foregoing purposes. No portion of any indemnity payment which is applied to replacement, repair or restoration of any portion of the Property or which is released to Mortgagor shall be deemed a payment against any sums secured by this Mortgage. Mortgagor will keep the Property continuously insured as herein required and will deliver to Mortgagee the original of each policy of insurance. Mortgagor will pay each premium coming due on any such policy of insurance and will deliver to Mortgagee proof of such payment at least ten (10) days prior to the date such premium would become overdue or delinquent. Upon the expiration or termination of any such policy of insurance, Mortgagor will furnish to Mortgagee at least ten (10) days prior to such expiration or termination the original of a renewal or replacement policy of insurance meeting the requirements hereof. If Mortgagor fails to insure the Property as herein required, Mortgagee may so insure the Property in the name of Mortgagor or in the name of Mortgagee or both, and the premiums for any such insurance obtained by Mortgagee shall be the obligation of Mortgagor. Upon foreclosure of this Mortgage, all right, title and interest of Mortgagor in and to any policy of insurance upon the Property which is in the custody of Mortgagee, including the right to unearned premiums, shall vest in the purchaser of the Property at foreclosure, and Mortgagor hereby appoints Mortgagee as the attorney in fact of Mortgagor to assign all right, title and interest of Mortgagor in and to any such policy of insurance to such purchaser. This appointment is coupled with an interest and shall be irrevocable.

4. **Taxes and Assessments.** Mortgagor will pay all taxes, assessments and other charges which constitute or are secured by a lien upon the Property which is superior to the lien of this Mortgage and will deliver to Mortgagee proof of payment of the same not less than ten (10) days prior to the date the same becomes delinquent; provided, however, that Mortgagor shall be entitled by appropriate proceedings to contest the amount or validity of such tax, assessment or charge so long as the collection of the same by foreclosure of the lien upon the Property is stayed during the pendency of such proceedings and Mortgagor deposits with the authority to which such tax, assessment or charge is payable or with Mortgagee appropriate security for payment of the same, together with any applicable interest and penalties, should the same be determined due and owing.

5. **Expenditures by Mortgagee.** If Mortgagor fails to make payment for restoration or repair of the Property, for insurance premiums or for taxes, assessments or other charges as required in this Mortgage, Mortgagee may, but shall not be obligated to, pay for the same, and any such payment by Mortgagee will be secured by this Mortgage and have the same rank and priority as the principal debt secured hereby and bear interest from the date of payment at the rate payable from time to time on outstanding principal under the Note. Payments made for taxes by mortgagee shall be a first lien on the Property to the extent of the taxes so paid with interest from the date of payment, regardless of the rank and priority of this Mortgage. Mortgagor shall pay to Mortgagee in cash on demand an amount equal to any payment made by Mortgagee pursuant to this paragraph plus interest thereon as herein provided.

6. **Condemnation.** Mortgagee shall be entitled to be made a party to and to participate in any proceeding, whether formal or informal, for condemnation or acquisition pursuant to power of eminent domain of any portion of the Property. Mortgagor hereby assigns to Mortgagee the right to collect and receive any payment or award to which Mortgagor would otherwise be entitled by reason of condemnation or acquisition pursuant to power of eminent domain of any portion of the Property. Any such payment or award received by Mortgagee may, at the option of Mortgagee, (i) be applied by Mortgagee to payment of any sums secured by this Mortgage in such order as Mortgagee may determine or (ii) be applied in a manner determined by Mortgagee to the replacement of the portion of the property taken and to the repair or restoration of the remaining portion of the Property or (iii) be released to Mortgagor upon such conditions as Mortgagee may determine or (iv) be used for any combination of the foregoing purposes. No portion of an indemnity payment which is applied to replacement, repair or restoration of any portion of the Property or which is released to Mortgagor shall be deemed a payment against any sums secured by this Mortgage.

7. **Transfer.** At the option of the Mortgagee, the indebtedness secured by this Mortgage shall become due and payable if, without the written consent of the Mortgagee, the Mortgagor shall convey away the mortgaged premises, or an interest therein, or if the title shall become vested in any other person in any manner whatsoever other than by death of the Mortgagor. It is understood and agreed that in consideration for the consent of the Mortgagee to any transfer of title to the mortgaged premises, the Mortgagee at its option may charge an assumption fee not exceeding $950.00 or 1% of the unpaid balance of the loan; credit report charges paid to a non-related third party; and such other charges as are authorized by law.

8. **Default.** The occurrence of any of the following events shall be deemed a Default under this Mortgage:

    (a)    failure of Mortgagor to pay any installment of principal or interest upon the Note or Notes hereby secured when due;

    (b)    failure of Mortgagor to pay any other sum secured by this Mortgage when due;

FILED CLERK OF COURT SPARTANBURG COUNTY 2011 NOV 21 PM 2:25 HOPE BLACKLEY

REK 4391 PAGE465

(c)    failure of Mortgagor to observe or perform any covenant or agreement set forth in this Mortgage or in any loan agreement entered into between the Mortgagor and Mortgagee with respect to the indebtedness hereby secured;

(d)    adjudication of Mortgagor as bankrupt, written admission by Mortgagor of an inability to pay the debts of Mortgagor as they mature, assignment of the assets of Mortgagor for the benefit of creditors, request or petition by Mortgagor for the appointment of a receiver, trustee or conservator of the assets of Mortgagor or for reorganization or liquidation of Mortgagor, or acquiescence by Mortgagor to any such request or petition made by another person; or

(e)    default in the terms or conditions of any other mortgage which is a lien on the Property.

**9.**     **Remedies.** Upon the occurrence of a Default as hereinabove defined, Mortgagee may, without notice to Mortgagor, declare all sums secured by this Mortgage immediately due and payable and may commence proceedings to collect such sums, foreclose this Mortgage and sell the Property. At the foreclosure Mortgagee shall be entitled to bid and to purchase the Property and shall be entitled to apply the debt secured hereby, or any portion thereof, in payment for the Property. The remedies provided to Mortgagee in this paragraph shall be in addition to and not in lieu of any other rights and remedies provided in this Mortgage or by law, all of which rights and remedies may be exercised by Mortgagee independently, simultaneously or consecutively in any order without being deemed to have waived any right or remedy previously or not yet exercised.

**10.**     **Appointment of Receiver.** Upon the occurrence of a Default as hereinabove defined Mortgagee shall be entitled to the appointment of a receiver to enter upon and take and maintain full control of the Property in order to perform all acts necessary and appropriate for the operation and maintenance thereof including, but not limited to, the execution, cancellation or modification of leases, the making of repairs to the Property and the execution or termination of contracts providing for the management or maintenance of the Property, all on such terms as are deemed best to protect the security of this Mortgage. The receiver shall be entitled to receive a reasonable fee for so managing the Property. All rents collected pursuant to this paragraph shall be applied first to the costs of taking control of and managing the Property and collecting the rents, including, but not limited to, attorneys' fees, receiver's fees, premiums on receiver's bonds, costs of repairs to the Property, premiums on insurance policies, taxes, assessments and other charges on the Property, and the costs of discharging any obligation or liability of Mortgagor as lessor or landlord of the Property and then to the sums secured by this Mortgage. Mortgagee or the receiver shall have access to the books and records used in the operation and maintenance of the Property and shall be liable to account only for those rents actually received. Mortgagee shall not be liable to Mortgagor, anyone claiming under or through the Mortgagor, or anyone having an interest in the Property by reason of anything done or left undone by Mortgagor under this paragraph. If the rents of the Property are not sufficient to meet the costs of taking control of and managing the Property and collecting the rents, Mortgagee, at its sole option, may advance funds to meet the costs. Any funds expended by Mortgagee for such purposes shall become indebtedness of Mortgagor to Mortgagee secured by this Mortgage. Unless Mortgagee and Mortgagor agree in writing to other terms of payment, such amounts shall be payable upon notice from Mortgagee to Mortgagor requesting payment thereof and shall bear interest from the date of disbursement at the rate stated in the Note. The entering upon and taking and maintaining of control of the Property by Mortgagee or the receiver and the application of rents as provided herein shall not cure or waive any default hereunder or invalidate any other right or remedy of Mortgagee hereunder.

**11.**     **Waiver by Mortgagee.** Mortgagee may, in the sole discretion of Mortgagee, from time to time waive or forbear from enforcing any provision of this Mortgage, and no such waiver or forbearance shall be deemed a waiver by Mortgagee of any right or remedy provided herein or by law or be deemed a waiver of the right at any later time to enforce strictly all provisions of this Mortgage and to exercise any and all remedies provided herein and by law.

**12.**     **Waiver by Mortgagor.** Mortgagor understands that upon default hereunder, among other remedies set out herein and in the above referenced Note, the Mortgagee may foreclose upon the mortgaged premises and ask for a deficiency judgment pursuant to Section 29-3-660, South Carolina Code of Laws (1976). Mortgagor hereby expressly waives and relinquishes any appraisal rights which Mortgagor may have under Section 29-3-680 through Section 29-3-760, South Carolina Code of Laws (1976) as amended and understands and agrees that a deficiency judgment, if pursued by Mortgagee shall be determined by the highest price bid at the judicial sale of the property.

**13.**     **Future Advances.** Mortgagee, at its option, may make Future Advances to Mortgagor. Such Future Advances, with interest at the rate payable from time to time on the outstanding principal under the Note, shall be secured by this Mortgage when evidenced by the Note or by any other note stating that it is secured by this Mortgage or when advanced under the terms of this Mortgage. Mortgagee may make such Future Advances (a) at the request of Mortgagor, whether or not there is any obligation to make Future Advances; (b) pursuant to an advance of funds under paragraph 10 above; or (c) to pay, with or without the consent or request of Mortgagor, any amounts which may be due under any other mortgage or lien affecting the Property.

**14.**     **Notices.** Any notice given by either party hereto to the other party shall be in writing and shall be signed by the party giving notice. Any notice or other document to be delivered to either party hereto by the other party shall be deemed delivered if mailed postage prepaid to the party to whom directed at the latest address of such party known to the party sending the same. This paragraph shall not be deemed to prohibit any other manner of delivering a notice or other document.

**15.**     **Miscellaneous.**

(a)    The agreements herein shall bind and inure to the benefit of the Mortgagor, Mortgagee and their respective heirs, successors and assigns.

FILED CLERK OF COURT SPARTANBURG COUNTY 2011 NOV 21 PM 2:25 MARIE G. BLACKLEY

REK 4391 PAGE 466

(b)    Whenever in this Mortgage one of the parties hereto is named or referred to, the heirs, legal representatives, successors and assigns of such parties shall be included and all covenants and agreements contained in this Mortgage by or on behalf of the Mortgagor or by or on behalf of the Mortgagee shall bind and inure to the benefit of their representatives, heirs, successors and assigns, whether so expressed or not.

(c)    The headings of the sections, paragraphs and subdivisions of this Mortgage are for the convenience of reference only, are not to be considered a part hereof and shall not limit or otherwise affect any of the terms hereof.

(d)    If any provision of this Mortgage conflicts with applicable law, such conflict shall not affect other provisions of this Mortgage which can be given effect without the conflicting provision, and to this end the provisions of this Mortgage are declared to be severable.

(e)    This Mortgage shall be governed by, construed and enforced in accordance with the laws of South Carolina.

(f)    Mortgagee may make or cause to be made reasonable entries upon and inspections of the Property upon giving Mortgagor prior notice.

(g)    All covenants of Mortgagor shall be joint and several.

(h)    If this Mortgage does not constitute a first mortgage against the subject property, any senior mortgages are listed below _____

16.    **Waiver of Appraisal Rights.** The laws of South Carolina provide that in any real estate foreclosure proceeding a defendant against whom a personal judgment is taken or asked may within thirty days after the sale of the mortgaged property apply to the court for an order of appraisal. The statutory appraisal value as approved by the court would be substituted for the high bid and may decrease the amount of any deficiency owing in connection with the transaction.    THE UNDERSIGNED HEREBY WAIVES AND RELINQUISHES THE STATUTORY APPRAISAL RIGHTS WHICH MEANS THE HIGH BID AT THE JUDICIAL FORECLOSURE SALE WILL BE APPLIED TO THE DEBT REGARDLESS OF ANY APPRAISED VALUE OF THE PROPERTY.

IN WITNESS WHEREOF, Mortgagor has executed this Mortgage under seal the day and year first above written.

Signed, sealed and delivered in
the presence of:

_____

_____

                                    GFG Realty Fund, LLC
                                    By: GFG, LP, Its Sole Member
                                    By: GFG, LLC, Its General Partner

                                    By:_____
                                         Frederick D. Gibbs, Sole Member

STATE OF SOUTH CAROLINA          )
                                 )          PROBATE
COUNTY OF SPARTANBURG            )

        Personally appeared before me the undersigned witness who, being duly sworn, deposed and said that (s)he saw the Mortgagor (and each Mortgagor if more than one), by and through its duly authorized agent, sign, seal and deliver the foregoing Mortgage on behalf of the Mortgagor and that (s)he, together with the other witness whose name appears as a witness, witnessed the execution thereof.

                                    _____

SWORN to and subscribed before me
this 28ᵗʰ day of September, 2010.

_____(SEAL)
Notary Public for South Carolina
My commission expires: _____

MALINDA L. UTTER
Notary Public, South Carolina
My Commission Expires
August 24, 2018

RFN 4391 PAGE 467

Exhibit "A"

All those certain pieces, parcels or lots of land lying, situate and being in the State of South Carolina, City and County of Spartanburg, being shown and designated as Tract A on a plat prepared for Harold Simmons by James V. Gregory, RLS, dated December 29, 1986 and recorded in Plat Book 99 at Page 651 in the Office of the Register of Deeds for Spartanburg County, and Tract 1 as shown on a plat prepared for Harold Simmons by James V. Gregory, RLS, dated December 29, 1986 and recorded in Plat Book 99 at Page 652 in the Office of the Register of Deeds for Spartanburg County, and Tract D as shown on a plat prepared for Harold Simmons by James V. Gregory, RLS, dated December 29, 1986 and recorded in Plat Book 99 at Page 653 in the Office of the Register of Deeds for Spartanburg County. For a more complete and particular description, reference is hereby made to the aforesaid plats.

This being the same property conveyed to GFG Realty Fund, LLC by deed of Virgie C. Simmons Family, LLC dated September 28, 2010 to be recorded herewith in the Office of the Register of Deeds for Spartanburg County.

FILED
CLERK OF COURT
SPARTANBURG COUNTY
2011 NOV 21  PM 2:25
M. HOPE BLACKLEY

# GUARANTEE

This Guarantee (the "**Guarantee**") is made and entered into to be effective as of September 28 , 2010, by FREDERCIK D. GIBBS, an individual residing in the State of South Carolina (the "**Guarantor**"), for the benefit of FOUAD MARZOUCA having an address of 230 Creekridge Drive, Spartanburg, SC 29301, his successors and assigns (the "**Lender**"), to induce the Lender to accept from GFG Realty Fund, LLC, a Delaware limited liability company (the "**Borrower**"), a Promissory Note (the "**Note**") in the principal sum of Six Hundred Fifty Thousand and no/100 Dollars ($650,000.00) which is attached to this Guarantee and incorporated herein by reference.

1.     Guarantee of Borrower's Obligations.  In order to induce the Lender to make the loan pursuant to the terms of the Note, each Guarantor irrevocably, absolutely, unconditionally, jointly and severally guarantees to the Lender the payment when due of, all obligations, whether now existing or subsequently arising, of the Borrower.  This Guarantee is in full force and effect as of the date hereof and shall continue until all such obligations have been indefeasibly paid in full (or otherwise satisfied or canceled in full) at which time the Lender shall terminate this Guarantee by marking it cancelled and returning to the Guarantor.

2.     Time When the Obligations are Due.  For purposes of this Guarantee, the obligations of each Guarantor are deemed due immediately upon receipt by any Guarantor from Lender of written notice (a "**Default Notice**") stating that the Borrower is in default under the terms of the Note.  The Guarantor agrees that the giving of a Default Notice by the Lender will be final, conclusive and binding upon the Guarantor and that the Lender's delay or failure to give such Default Notice shall not discharge, release, modify, reduce or impair any Guarantor's obligations under this Guarantee or the rights of and remedies available to the Lender.  The Guarantor agrees that any delay or default by any Guarantor in making any payment required in a Default Notice for any reason whatsoever is a default by each Guarantor of its obligations under this Guarantee.

3.     Nature of Obligations.  This Guarantee is a guarantee of payment.  The obligations of each Guarantor to make payments to the Lender under this Guarantee are direct and primary obligations.  Guarantor understands and agrees that the Lender may, but is not required to, proceed against any Guarantor under this Guarantee without first or ever proceeding against any other Guarantor or person or party or any collateral.  Without limiting the generality of the foregoing, the obligations of the Guarantor shall remain in force irrespective of (a) any defect in, or invalidity, illegality or unenforceability of any of the Note or any defense which the Borrower may have with respect thereto, (b) any claim, defense or offset which the Borrower, a Guarantor, or the Guarantors may have, (c) the existence or absence of any legal action to enforce the Note or any security therefor, the issuance of any judgment therefor or the execution of any such judgment, or (d) the death, dissolution, insolvency, bankruptcy or termination of the Borrower, a Guarantor, or the Guarantors or any other circumstance which might otherwise constitute

1

a defense available to or discharge of a Guarantor, the Guarantors, or surety of any type. No representation or warranty is made by the Lender (or any related parties, agents, or representatives): (i) that the Lender will pursue the Borrower on any delinquent loans at all, (ii) that any amounts will be recovered on the obligations under the Note or other evidence of indebtedness, or (iii) that, to the extent, if any, that such monies are so received and held by the Lender, such monies will be sufficient to reimburse or indemnify Guarantors for amounts paid under this Guarantee.



EACH GUARANTOR HEREBY SPECIFICALLY AGREES THAT NO GUARANTOR SHALL BE RELEASED FROM LIABILITY HEREUNDER BY ANY ACTION TAKEN OR OMITTED TO BE TAKEN BY THE LENDER, THE BORROWER, OR ANY OF THEIR RESPECTIVE AFFILIATES, EMPLOYEES, AGENTS OR REPRESENTATIVES, INCLUDING WITHOUT LIMITATION, A NON-JUDICIAL SALE OF COLLATERAL UNDER ANY SECURITY AGREEMENT, MORTGAGE OR DEED OF THE LENDER THAT WOULD AFFORD THE BORRROWER OR A GUARANTOR A DEFENSE BASED UPON THE LAWS (INCLUDING THE ANTI-DEFICIENCY LAWS) OF ANY STATE SO LONG AS SUCH NON-JUDICIAL SALE IS CONSUMMATED IN ACCORDANCE WITH THE TERMS OF THE APPLICABLE LOAN DOCUMENTS. EACH GUARANTOR EXPRESSLY WAIVES (i) ANY DEFENSE TO THE RECOVERY OF A DEFICIENCY AGAINST BORROWER OR ANY GUARANTOR HEREUNDER AFTER SUCH NON-JUDICIAL SALE, NOTWITHSTANDING THAT SUCH SALE MAY RESULT IN A LOSS BY ANY GUARANTOR OF THE RIGHT TO RECOVER FROM THE BORROWER OF ANY SUCH DEFICIENCY, AND (ii) ALL SURETYSHIP DEFENSES THAT IT WOULD OTHERWISE HAVE UNDER THE LAWS OF ANY JURISDICTION. WITHOUT LIMITING THE FOREGOING, EACH GUARANTOR UNDERSTANDS THAT IN THE ABSENCE OF THE WAIVERS MADE HEREIN, INCLUDING THOSE MADE IN THIS PARAGRAPH, EACH GUARANTOR MIGHT HAVE A DEFENSE AGAINST AN ACTION BY THE LENDER TO RECOVER A DEFICIENCY FROM ANY GUARANTOR HEREUNDER FOLLOWING A NON-JUDICIAL FORECLOSURE SALE OF REAL PROPERTY OR OTHER COLLATERAL SECURING THE LOAN, AND EACH GUARANTOR IS SPECIFICALLY WAIVING THESE DEFENSES AND ALL OTHER DEFENSES IN ACCORDANCE WITH THE PROVISIONS CONTAINED HEREIN. Each Guarantor expressly agrees that the Guarantor shall be and remain liable for any deficiency remaining after foreclosure of any mortgage or security interest securing any of the obligations under the Note, whether or not the liability of the Borrower with respect to any of such obligations for such deficiency is discharged pursuant to statute or judicial decision.

4.    _Guarantor's Waivers_.  Except to the extent required by law and to the extent such requirement cannot be waived, each Guarantor (a) waives notice of acceptance of this Guarantee and notice of any liability to which it may apply, (b) waives grace, diligence, presentment, demand of payment, protest, notice of any kind (including disclosure of facts which materially increase risks, notice of protest, acceptance, liability, suit, demand or action, dishonor, payment or nonpayment, protest, intention to accelerate

or acceleration, extensions, or renewal), surety defenses of any kind (including defenses relating to impairment, recourse, release or modification of underlying obligation, extension of time, impairment of collateral or nondisclosure) and diligence in collecting and bringing suit against any party, and (c) WAIVES ANY AND ALL RIGHTS TO TRIAL BY JURY IN ANY ACTION, SUIT OR COUNTERCLAIM ARISING IN CONNECTION WITH, OUT OF OR OTHERWISE RELATING TO THIS GUARANTEE OR THE OBLIGATIONS GUARANTEED HEREBY AND, BY ITS ACCEPTANCE HEREOF, EACH GUARANTOR ALSO WAIVES ANY AND ALL SUCH RIGHTS TO TRIAL BY JURY.  EACH GUARANTOR ALSO WAIVES ANY RIGHTS IT, BORROWER, ANY OTHER GUARANTOR OR ANY OTHER PERSON MAY NOW OR HEREAFTER HAVE TO AN APPRAISAL OF ANY SECURITY OR COLLATERAL FOR THE BORROWER'S OBLIGATIONS, INCLUDING, WITHOUT LIMITATION, ANY SUCH RIGHTS PROVIDED BY STATUTE.  THE PLEADING OF ANY STATUTE OF LIMITATIONS AS A DEFENSE TO ANY DEMAND AGAINST GUARANTOR IS EXPRESSLY WAIVED.



5.    <u>Additional Agreements of Guarantor</u>.  The Guarantor understands and agrees that the Lender may take any of the following actions, at any time or from time to time without any notice, consent, terms or conditions and in whole or in part, without incurring any responsibility to any Guarantor, and without impairing, reducing, modifying, amending, releasing or discharging the obligations of any Guarantor: (a) modify, amend, increase, extend or renew any of the obligations under the Note or any security therefore, in accordance with the terms of the Notice, and this Guarantee will apply to the obligations under the Note so modified, amended, increased, extended or renewed; (b) fail to record, perfect or protect, or sell, exchange, release, surrender, realize upon or otherwise deal with in any manner and in any order, from time to time, any property or person whatsoever at any time securing or guaranteeing the obligations under the Note or liabilities incurred directly or indirectly in respect thereof or in connection with this Guarantee, or in respect of any offset against said obligations or liabilities, (c) exercise or refrain from exercising any rights against any Guarantor or any other person or otherwise act or refrain from acting; (d) settle or compromise any of the obligations under the Note, any security therefor or any liability incurred directly or indirectly in respect thereof or in connection with this Guarantee, and may subordinate the payment (or right to payment) of all or any part of the obligations under the Note to the payment of any other liability (whether due or not) of the Borrower to any party (including the Lender), (e) apply any sums by whomsoever paid or howsoever realized to any liability or liabilities of the Borrower to the Lender regardless of what liability or liabilities of the Borrower remain unpaid, provided that payments by any Guarantor pursuant to this Guarantee shall be applied to the obligations hereunder in accordance with the terms of the Note, and (f) consent to or waive any breach of any act, omission or default under, or modify or amend any provision of the Note in accordance with the terms thereof.

6.    <u>Amounts Reclaimed</u>.  Each Guarantor understands that one or more claims may be made upon the Lender for repayment or recovery of any amount received on account of any of the obligations under the Note and that the Lender may be required to repay (or otherwise satisfy the recovery of) all or part of said amount by reason of (a) any

judgment, decree or order of any court, administrative body or a trustee pursuant to a bankruptcy proceeding (or other person acting on behalf of any person or its estate), or (b) any settlement or compromise of any such claim effected by any Guarantor with any such claimant (including the Borrower). Each Guarantor agrees that in such event any such judgment, decree, order, settlement or compromise will be binding upon each Guarantor, notwithstanding any cancellation of the Note, or this Guarantee and that each Guarantor will be and remain liable to the Lender under this Guarantee for the amount so repaid or recovered to the same extent as if such amount had never been received by the Lender. The provisions of this paragraph shall survive indefinitely.

7.    Interest. If any Guarantor fails to make when due any payment required to be made by him under this Guarantee (a "**Payment**"), then, to the extent permitted by law, such Payment shall bear interest as required by the Note. Guarantor agrees to pay interest accrued hereunder in respect of any Payment on demand. All calculations of interest hereunder will be based upon a 360-day year of twelve 30-day months but paid for the number of days actually elapsed with respect to any partial month, but in no event shall calculations result in the Lender contracting for, charging or receiving interest in excess of the maximum amount permitted by applicable law.

8.    Representations, Warranties and Agreements. Each Guarantor makes the following representations, warranties and agreements which survive the execution and delivery of this Guarantee:

a.    Organizational Status and Power. Each Guarantor has the power and/or legal right to enter into and perform the provisions of this Guarantee.

b.    Legality. The entering into and performance by the Guarantor of this Guarantee do not contravene any existing law or any legal order applicable to, or license or permit granted to any Guarantor, or any agreement or instrument to which any Guarantor is a party or to which it or any of its assets is subject.

c.    Intentionally Omitted.

d.    No Representation or Warranty. Each Guarantor acknowledges and agrees that neither the Lender nor the Borrower, nor any of their respective affiliates, agents or representatives has made or is required to have made and no such person or entity is making or shall be deemed to have made or shall have any duty to make or be required to make any representations, warranties or disclosure with respect to the Guarantee, including any representation, warranty or disclosure concerning the financial condition of the Borrower or the ability of the Borrower to perform its obligations under the Note.

9.    Miscellaneous.

a.    Payment of Expenses. Each Guarantor agrees to pay for all reasonable out-of-pocket costs and expenses of the arising in connection with the

4

enforcement of, or preservation of rights under this Guarantee (including, without limitation, the reasonable fees and expenses of counsel for the Lender).

      b.   <u>Modification</u>.  This Guarantee may be modified only by an instrument in writing signed by the party against whom enforcement of the modification is sought.

      c.   <u>Governing Law</u>.  This Guarantee and the rights and obligations of the parties hereunder shall be governed by and construed in accordance with the laws of the State of South Carolina without reference to choice of law principles.

      d.   <u>Notices</u>.  All notices and other communications given to any party in connection with this Guarantee shall be made in writing.

      e.   <u>Cumulative Rights</u>.  The Guarantor's rights, powers, privileges and remedies under this Guarantee or applicable law are cumulative and not exclusive and shall not be waived, precluded or limited by any failure or delay in the exercise thereof or by the Lender's exercise, or partial exercise, of any thereof or by any course of dealing between the Guarantor and the Lender.  No notice to or demand in similar or other circumstance or constitute a waiver of the right of the Lender to any other or further action in any circumstance without notice or demand.

      f.   <u>Guarantor's Waiver of Claims</u>.  Each Guarantor hereby irrevocably waives, relinquishes and agrees not to assert any "claim" (as defined in 11 U.S.C. Section 101), including, without limitation, any right or claim of subrogation, payment, indemnification or reimbursement, that such Guarantor may now or hereafter may have against the Borrower under the Note or against any other security held by or available to the Lender for any obligations under the Note or the payment thereof because, arising out, or on account of any payments or transfers made by such Guarantor, or any payment or transfer which such Guarantor agreed to or is obligated to make, for any reason, whether any such right or claim is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, secured or unsecured.

      g.   <u>Time if of the Essence</u>.  For any payments to be made and obligations to be performed under this Guarantee, time is of the essence.

      h.   <u>Binding Effect, Assignment, Benefit of Agreement; Severability</u>. This Guarantee shall be binding upon the Guarantor and their successors, heirs, and permitted assigns and shall inure to the benefit of, and be enforceable by the Lender, his successors, heirs, and assigns, including without limitation any holder or assignee from time to time of the Note.  Without limiting the foregoing, (i) this Guarantee is freely assignable, in whole or in part, from time to time, by the Lender, and (ii) is not assignable by any Guarantor without the prior written consent of the Lender, which consent may be withheld or delayed by the Lender in its sole discretion.  Whenever possible this Guarantee and each provision hereof shall be interpreted in such manner as to be effective, valid and enforceable under applicable law.  If and to the extent that any such

5

provision shall be held invalid and unenforceable by any court of competent jurisdiction, such holding shall not invalidate or render unenforceable any other provisions hereof, and any determination that the application of any provision hereof to any person or under any circumstance is illegal and unenforceable shall not affect the legality, validity and enforceability of such provision as it may be applied to any other person or in any other circumstance.

        i.    <u>Note</u>.  Each Guarantor acknowledges receipt of a copy, as executed, of the Note.

        j.    <u>Descriptive Headings</u>.  The descriptive headings used in this Guarantee are for convenience only and shall not be deemed to affect the meaning or construction of any provision hereof.

        k.    <u>Consent to Jurisdiction</u>.  Each Guarantor hereby consents that any action or proceeding against the Borrower or any guarantor (including any Guarantor) in connection with this Guarantee, the Note and/or the Deed of Trust, Security Agreement and Fixture Financing Statement, at the Lender's discretion, be commenced and maintained in any court within the State of South Carolina or in the United States District Court for the District of South Carolina. In such event, Guarantor agrees that the courts of the State of South Carolina and the United States District Court for the District of South Carolina shall have jurisdiction with respect to the subject matters hereof and the person of Guarantor. Each Guarantor hereby waives the requirement of personal service of the summons and complaint or other process or papers issued in any action or proceeding against any Guarantor under this Guarantee or the Note and agrees that service of such summons and complaint, or other process or papers may, at the Lender's option, be made by regular or certified mail addressed to such Guarantor at the address of such Guarantor set forth herein. Each Guarantor agrees not to assert any defense to any action or proceeding initiated in any courts of the State of South Carolina or in the United States District Court for the District of South Carolina by the Lender or based upon improper venue or inconvenient forum. It is hereby agreed that service of process on Guarantor may be made on any manager, officer, director or agent for service of process. Each Guarantor agrees that any action brought by any Guarantor shall be commercial and maintained only in a court of federal judicial district or county in which personal jurisdiction over the Lender would be proper. Nothing contained in this section shall be interpreted or construed in any way to limit the right of the Lender to: (i) serve process in any other manner or on any other person or entity (including without limitation personal service and service on the Secretary of the State of South Carolina, if applicable) and/or (ii) bring any action or proceeding in courts other than courts of the State of South Carolina and the United States District Court for the District of South Carolina.

      THIS GUARANTEE CONTAINS WAIVERS OF VARIOUS RIGHTS, INCLUDING (WITHOUT LIMITATION) WAIVERS OF RIGHTS OF JURY TRIAL AND APPRAISAL AS SET FORTH IN PARAGRAPH 4 HEREOF. EACH GUARANTOR HEREBY MAKES AND ACKNOWLEDGES THAT IT MAKES ALL OF THE WAIVERS SET FORTH IN THIS GUARANTEE KNOWINGLY,

INTENTIONALLY, VOLUNTARILY, WITHOUT DURESS, AND ONLY AFTER EXTENSIVE CONSIDERATION OF THE RAMIFICATIONS OF SUCH WAIVERS WITH ITS ATTORNEY; EACH GUARANTOR FURTHER ACKNOWLEDGES THAT SUCH WAIVERS ARE A MATERIAL INDUCEMENT TO THE LENDER TO ENTER INTO THE NOTE.

(Signatures appear on the following pages)

FILED
CLERK OF COURT
SPARTANBURG COUNTY
2011 NOV 21  PM 2:25
H. HOPE BLACKLEY

IN WITNESS WHEREOF, each Guarantor has hereby executed this Guarantee or has caused this Guarantee to be executed and delivered by its duly authorized officer as of the date first written above.  THIS DOCUMENT IS INTENDED TO TAKE EFFECT AS A SEALED INSTRUMENT.

GUARANTOR:

Frederick D. Gibbs

FILED
CLERK OF COURT
SPARTANBURG COUNTY
2011 NOV 21  PM 2:25
M. HOPE BLACKLEY

8

## LOAN PROMISSORY NOTE
### (South Carolina)
### Note #70083

US $61,000.00                                                                April 11, 2011

FOR VALUE RECEIVED, the undersigned, **Banc Capital & Financial Services, Inc., a South Carolina Corporation and Frederick D. Gibbs**, ("Borrower") jointly and severally (if more than one) promise(s) to pay to the order of **Fouad Marzouca** ), ("Lender"), the principal sum of **Sixty One Thousand Dollars and 00/100 DOLLARS (US $61,000.00)**, with interest on the unpaid principal balance at the annual rate of **Ten** percent (**10.00%**).

  1.      **Defined Terms.** As used in this Note, (i) the term "Lender" means the holder of this Note, and (ii) the term "Indebtedness" means the principal of, interest on, or any other amounts due at any time under, this Note, the Security Instrument or any other Loan Document, including late charges, interest, and advances to protect the security of the Security Instrument under Section 12 of the Security Instrument.
  2.      **Address for Payment.** All payments due under this Note shall be payable at PO Box 3241, Spartanburg, SC 29304, or such other place as may be designated by written notice to Borrower from or on behalf of Lender.
  3.      **Payment of Principal and Interest.** Principal and interest shall be paid as follows:
  (a)      **General.** All outstanding principal and accrued interest shall be due and payable on **May 11, 2011 (30 days)** or on any earlier date on which the unpaid principal balance of this Note becomes due and payable, by acceleration or otherwise (the "**Maturity Date**"). The period from the initial advance of Loan funds hereunder until the Maturity Date shall be referred to as the "**Term.**" All outstanding principal and accrued interest shall be due and payable on the Maturity Date. Interest under this Note shall be computed on the basis of a 360-day year consisting of twelve 30-day months. In the event any check given by Borrower to Lender as a payment on this Note is dishonored, or in the event there are insufficient funds in Borrower's designated account to cover any preauthorized monthly debit from Borrower's checking account, then, without limiting any other charges or remedies, Borrower shall pay to Lender a processing fee of **$25.00** (but not more than the maximum amount allowed by law) for each such event.
  (b)      **Payments.** Principal and interest shall be paid as follows:
**Sixty One Thousand Dollars and 00/100 Dollars (US $61,000.00)** plus interest to be paid in one lump sum payment due **at maturity on May 11, 2011** with interest accruing at a rate of **Ten Percent (10.00%)** per annum, with the interest beginning on **April 11, 2011.** If I make any payment more than ten (10) days after the due date I shall also pay you an additional late penalty equal to two percent (2%) of that portion of the payment which is late. In the event of a default hereunder, the holder hereof may (after any applicable cure periods) accelerate the entire indebtedness and call the entire balance of this note immediately due and payable.
  4.      **Application of Payments.** If at any time Lender receives, from Borrower or otherwise, any amount applicable to the Indebtedness which is less than all amounts due and payable at such time, Lender may apply the amount received to amounts then due and payable in any manner and in any order determined by Lender, in Lender's discretion. Borrower agrees that neither Lender's acceptance of a payment from Borrower in an amount that is less than all amounts then due and payable nor Lender's application of such payment shall constitute or be deemed to constitute either a waiver of the unpaid amounts or an accord and satisfaction.
  5.      **Security.** The Indebtedness is unsecured.
  6.      **Late Charge.** If any monthly installment of interest or principal and interest or other amount payable under this Note or under the Security Instrument or any other Loan Document is not received in full by Lender within **ten (10)** days after the installment or other amount is due (unless applicable law requires a longer period of time before a late charge may be imposed, in which event such longer period shall be substituted), Borrower shall pay to Lender, immediately and without demand by Lender, a late charge equal to **two percent (2%)** of such installment or other amount due (unless applicable law requires a lesser amount be charged, in which event such lesser amount shall be substituted). Borrower acknowledges that its failure to make timely payments will cause Lender to incur additional expenses in servicing and processing the loan evidenced by this Note (the "**Loan**") and that it is extremely difficult and impractical to determine those additional expenses. Borrower agrees that the late charge payable pursuant to this Section represents a fair and reasonable estimate, taking into account all circumstances existing on the date of this Note, of the additional expenses Lender will incur by reason of such late payment.
  7.      **Full Recourse Liability.** Borrower shall have full recourse (corporate) liability under this Note, the Security Instrument and any and all other Loan Documents for the repayment of the Indebtedness and for the performance of any and all other obligations of Borrower under the Loan Documents.

8.    **Voluntary Prepayments.** Borrower may voluntarily prepay all or part of the unpaid principal balance of this Note at any time without payment of penalty or premium. Any prepayment of less than the unpaid principal balance of this Note shall not extend or postpone the due date of any subsequent monthly installments or change the amount of such installments, unless Lender agrees otherwise in writing.

9.    **Costs and Expenses.** To the fullest extent allowed by applicable law, Borrower shall pay all expenses and costs, including fees and out-of-pocket expenses of attorneys (including Lender's in-house attorneys) and expert witnesses and costs of investigation, incurred by Lender as a result of any default under this Note or in connection with efforts to collect any amount due under this Note, or to enforce the provisions of any of the other Loan Documents, including those incurred in post-judgment collection efforts and in any bankruptcy proceeding (including any action for relief from the automatic stay of any bankruptcy proceeding) or judicial or non-judicial foreclosure proceeding.

10.    **Forbearance.** Any forbearance by Lender in exercising any right or remedy under this Note, the Security Instrument, or any other Loan Document or otherwise afforded by applicable law, shall not be a waiver of or preclude the exercise of that or any other right or remedy. The acceptance by Lender of any payment after the due date of such payment, or in an amount which is less than the required payment, shall not be a waiver of Lender's right to require prompt payment when due of all other payments or to exercise any right or remedy with respect to any failure to make prompt payment. Enforcement by Lender of any security for Borrower's obligations under this Note shall not constitute an election by Lender of remedies so as to preclude the exercise of any other right or remedy available to Lender.

11.    **Waivers.** Presentment, demand, notice of dishonor, protest, notice of acceleration, notice of intent to demand or accelerate payment or maturity, presentment for payment, notice of nonpayment, grace, and diligence in collecting the Indebtedness are waived by Borrower and all endorsers and guarantors of this Note and all other third party obligors.

12.    **Loan Charges.** Neither this Note nor any of the other Loan Documents shall be construed to create a contract for the use, forbearance or detention of money requiring payment of interest at a rate greater than the maximum interest rate permitted to be charged under applicable law. If any applicable law limiting the amount of interest or other charges permitted to be collected from Borrower in connection with the Loan is interpreted so that any interest or other charge provided for in any Loan Document, whether considered separately or together with other charges provided for in any other Loan Document, violates that law, and Borrower is entitled to the benefit of that law, that interest or charge is hereby reduced to the extent necessary to eliminate that violation. The amounts, if any, previously paid to Lender in excess of the permitted amounts shall be applied by Lender to reduce the unpaid principal balance of this Note. For the purpose of determining whether any applicable law limiting the amount of interest or other charges permitted to be collected from Borrower has been violated, all Indebtedness that constitutes interest, as well as all other charges made in connection with the Indebtedness that constitute interest, shall be deemed to be allocated and spread ratably over the stated term of the Note. Unless otherwise required by applicable law, such allocation and spreading shall be effected in such a manner that the rate of interest so computed is uniform throughout the stated term of the Note.

13.    **Purpose of Indebtedness.** Borrower represents that the Indebtedness is not being incurred by Borrower for personal, family or household purposes.

14.    **Counting of Days.** Except where otherwise specifically provided, any reference in this Note to a period of "days" means calendar days, not Business Days.

15.    **Governing Law.** This Note shall be governed by the laws of the jurisdiction in which the Land is located.

16.    **Captions.** The captions of the paragraphs of this Note are for convenience only and shall be disregarded in construing this Note.

17.    **Notices.** All notices, demands and other communications required or permitted to be given by Lender to Borrower pursuant to this Note shall be given in accordance with Section 31 of the Security Instrument.

18.    **Consent to Jurisdiction and Venue.** Borrower agrees that any controversy arising under or in relation to this Note shall be litigated exclusively in the jurisdiction in which the Land is located (the "**Property Jurisdiction**"). The state and federal courts and authorities with jurisdiction in the Property Jurisdiction shall have exclusive jurisdiction over all controversies which shall arise under or in relation to this Note. Borrower irrevocably consents to service, jurisdiction, and venue of such courts for any such litigation and waives any other venue to which it might be entitled by virtue of domicile, habitual residence or otherwise.

19.    **Counterparts.** This Note may be executed in any number of counterparts each of which shall be deemed an original, but all such counterparts together shall constitute but one Note.

20.    WAIVER OF TRIAL BY JURY. BORROWER AND LENDER EACH (A) AGREES NOT TO ELECT A TRIAL BY JURY WITH RESPECT TO ANY ISSUE ARISING OUT OF THIS NOTE OR THE RELATIONSHIP BETWEEN THE PARTIES AS LENDER AND BORROWER THAT IS TRIABLE OF RIGHT BY A JURY AND (B) WAIVES ANY RIGHT TO TRIAL BY JURY WITH RESPECT TO SUCH ISSUE TO THE EXTENT THAT ANY SUCH RIGHT EXISTS NOW OR IN THE

FUTURE. THIS WAIVER OF RIGHT TO TRIAL BY JURY IS SEPARATELY GIVEN BY EACH PARTY, KNOWINGLY AND VOLUNTARILY WITH THE BENEFIT OF COMPETENT LEGAL COUNSEL.

21.     WAIVER OF APPRAISAL RIGHTS. The laws of South Carolina provide that in any real estate foreclosure proceeding a defendant against whom a personal judgment is taken or asked may within thirty days after the sale of the mortgaged property apply to the court for an order of appraisal. The statutory appraisal value as approved by the court would be substituted for the high bid and may decrease the amount of any deficiency owing in connection with the transaction. THE UNDERSIGNED HEREBY WAIVES AND RELINQUISHES THE STATUTORY APPRAISAL RIGHTS WHICH MEANS THE HIGH BID AT THE JUDICIAL FORECLOSURE SALE WILL BE APPLIED TO THE DEBT REGARDLESS OF ANY APPRAISED VALUE OF THE MORTGAGED PROPERTY.

IN WITNESS WHEREOF, and in consideration of the Lender's agreement to lend Borrower the principal amount set forth above, Borrower has signed and delivered this Note under seal or has caused this Note to be signed and delivered under seal by its duly authorized representative.

BORROWER:

Banc Capital & Financial Services, Inc.
a South Carolina corporation

By: _____
Frederick D. Gibbs, President & CEO

By: _____
Frederick D. Gibbs, Individually

_____
Witness

_____
Witness

FUTURE. THIS WAIVER OF RIGHT TO TRIAL BY JURY IS SEPARATELY GIVEN BY EACH PARTY, KNOWINGLY AND VOLUNTARILY WITH THE BENEFIT OF COMPETENT LEGAL COUNSEL.

21.    WAIVER OF APPRAISAL RIGHTS. The laws of South Carolina provide that in any real estate foreclosure proceeding a defendant against whom a personal judgment is taken or asked may within thirty days after the sale of the mortgaged property apply to the court for an order of appraisal. The statutory appraisal value as approved by the court would be substituted for the high bid and may decrease the amount of any deficiency owing in connection with the transaction. THE UNDERSIGNED HEREBY WAIVES AND RELINQUISHES THE STATUTORY APPRAISAL RIGHTS WHICH MEANS THE HIGH BID AT THE JUDICIAL FORECLOSURE SALE WILL BE APPLIED TO THE DEBT REGARDLESS OF ANY APPRAISED VALUE OF THE MORTGAGED PROPERTY.

IN WITNESS WHEREOF, and in consideration of the Lender's agreement to lend Borrower the principal amount set forth above, Borrower has signed and delivered this Note under seal or has caused this Note to be signed and delivered under seal by its duly authorized representative.

BORROWER:

Banc Capital & Financial Services, Inc.
a South Carolina corporation

By: _____
Frederick D. Gibbs, President & CEO

By: _____
Frederick D. Gibbs, Individually

Witness

Witness

FILED
2011 NOV 21 PM 2: 26
CLERK OF COURT
SPARTANBURG COUNTY
M. HOPE BLACKLEY

NOTICE TO CUSTOMER

**CASHIER'S CHECK**

0025772

AS A CONDITION TO THIS INSTITUTION'S ISSUANCE
OF THIS CHECK, PURCHASER AGREES TO PROVIDE
AN INDEMNITY BOND PRIOR TO THE REFUND OR
REPLACEMENT OF THIS CHECK IN THE EVENT IT IS
LOST, MISPLACED OR STOLEN.

67-103/532
95614970

Fouad Marzouca

DATE    04/11/2011

REMITTER

PAY TO THE
ORDER OF    Banc Capital Financial Svc.    $  61,000.00

3781    ✕✕✕✕61,000.00✕✕✕✕



**A ARTHUR STATE BANK**
Spartanburg, South Carolina 29304

AUTHORIZED SIGNATURE

MP

⑈000025772⑈ ⑆053201034⑆ 9561  4970⑈