UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
SPARTANBURG DIVISION

| | | |
|---|---|---|
| Fouad Marzouca, | ) | |
| | ) | No.: 7:12-cv-00062-GRA |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | (Written Opinion) |
| GFG Realty Fund, LLC, Frederick D. Gibbs, Banc Capital & Financial Services, Inc, *et al.*, | ) ) ) | |
| | ) | |
| Defendants. | ) ) | |

This matter is before the Court on the United States' Motion to Dismiss pursuant to 21 U.S.C. § 853(k). The United States asks this Court to dismiss this foreclosure action against certain real property because the property at issue is currently the subject of criminal forfeiture proceedings. Also, Defendants GFG Realty Fund, LLC, Frederick D. Gibbs, and Banc Capital & Financial Services, Inc. moved to join the United States' Notice of Removal and Motion to Dismiss Removed Action in this action. After thoroughly reviewing the record, this Court GRANTS Defendants' Motion to Join, GRANTS the United States' Motion to Dismiss, and DENIES Plaintiff's Motion for a Hearing for the reasons stated herein.

Standard of Review

In reviewing a motion to dismiss, the court must accept as true all the factual allegations in the complaint and draw all reasonable inferences in favor of the

plaintiff.  *E.I. du Pont de Nemours & Co. v. Kolon Indus., Inc.*, 637 F.3d 435, 440 (4th Cir. 2011).  To survive the motion to dismiss, a complaint must contain sufficient facts to state a claim that is "plausible on its face."  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  A motion to dismiss should not be granted unless it appears that the plaintiff does not allege enough facts to state a claim "that is plausible on its face' and that raises 'a right to relief above the speculative level."  *Id.* at 555.  Thus, courts "need not accept the legal conclusions drawn from the facts, and we need not accept as true unwarranted inferences, unreasonable conclusions or arguments."  *Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc.*, 591 F.3d 250, 253 (4th Cir. 2009) (internal quotations marks omitted).

## Background

On November 21, 2011, Plaintiff, Fouad Marzouca, filed a Complaint To Foreclose Mortgage ("Complaint") in the Court of Common Pleas for Spartanburg County, South Carolina against the real property commonly known as 269 South Church Street, Spartanburg, South Carolina (the "Real Property").  *Marzouca v. GFG Realty Fund, LLC*, Case No. 2011-CP-42-5112 (S.C. Ct. Com. Pl. Nov. 21, 2011) ("state foreclosure case").  The United States received notice of the action; however, the United States was not served by Plaintiff.[1]  On January 5, 2012, the

---

[1] This Court granted the United States' Motion to Intervene on March 13, 2012.  ECF No. 12.

United States removed the foreclosure action to this Court and filed a Motion to Dismiss on January 9, 2012.  ECF No. 4.

Currently, there is a criminal case pending in the District of South Carolina, which instituted a criminal forfeiture proceeding against the same Real Property at issue in the instant case.  *See United States v. Frederick Gibbs*, Cr. No. 7:11-cr-2195-GRA (Oct. 11, 2011), ECF No. 3.  The federal government filed its indictment against Frederick D. Gibbs on October 11, 2011.  *Id.*  Pursuant to 18 U.S.C. §§ 981 and 982 and as a result of violations of 18 U.S.C. §§ 1956(a)(3)(B) and (h), the indictment sought forfeiture of the Real Property.[2]  The government filed a *lis pendens* on the Real Property against Federick D. Gibbs on November 3, 2011 and against GFG Realty Fund on November 21, 2011.

The United States moves to dismiss the Complaint because the indictment was filed prior to the state foreclosure action, and therefore, the foreclosure action is barred by 21 U.S.C. § 853(k)(2).  In response, Plaintiff argues that the state foreclosure action was not "an action . . . against the United States," because the United States was not a party to the foreclosure action.  Plaintiff also argues that "[a]s of the date of filing," the United States had not recorded a lien, a *lis pendens*, or a Preliminary Order of Forfeiture in Spartanburg County against the Real Property or against the property owner, GFG Realty Fund, LLC.  ECF No. 7.  The United

---

[2] On a motion to dismiss, the court may take judicial notice of court documents which are a matter of public record.  *See Hall v. Virginia*, 385 F.3d 421, 424 n.3 (4th Cir. 2004).

States contends that a *lis pendens* was in fact filed; however, the United States acknowledges that "it appears the government's *lis pendens* may have been filed by the county clerk in such a manner as to make it difficult to locate when searching for the document."[3] ECF No. 10.

### Discussion

Section 853 outlines the rights and procedure for third parties who have an interest in property subject to forfeiture proceedings. Congress expressly provides that courts shall construe § 853 "liberally . . . to effectuate its remedial purposes." 21 U.S.C. §853(o). Pursuant to § 853(c), "[a]ll right, title, and interest in property [subject to criminal forfeiture under] this section vests in the United States upon the commission of the act giving rise to forfeiture under this section." 21 U.S.C. § 853(c). Accordingly, once the act occurs giving rise to forfeiture, "[s]ection 853(n) provides the exclusive means by which a third party can assert [its] interest in forfeited property." *United States v. Phillips*, 185 F.3d 183, 186 (4th Cir. 1999) (citing *United States v. Reckmeyer*, 836 F2d 200, 203 (4th Cir. 1987)).

Section 853(k) further supports this conclusion by expressly prohibiting third parties from intervening except as provided under § 853(n). *Phillips*, 185 F.3d at 186. Section 853(k)(2) states in pertinent part:

> Except as provided in subsection (n) of this section, no
> party claiming an interest in property subject to forfeiture

---

[3] After Plaintiff's Response was filed, the United States provided Plaintiff's counsel with a copy of its filed *lis pendens*. ECF No. 10.

> under this section may . . . commence an action at law or equity against the United States concerning the validity of his alleged interest in the property subsequent to the filing of an indictment or information alleging that the property is subject to forfeiture under this section.

21 U.S.C. § 853(k)(2). Further, § 853(k) terminates "the right of lien holders and other interested parties to enforce their rights against the Government through separate civil litigation." *United States v. Macinnes*, 223 F. App'x 549, 553 (9th Cir. 2007). Thus, "the *only* right a party with an interest in the Property prior to forfeiture retains subsequent to the filing of an indictment or information alleging that the property is subject to forfeiture is the right to petition the district court pursuant to subsection (n)." *Id.* at 553 (emphasis in original) (citations omitted).

Additionally, the Fourth Circuit held, in *United States v. Phillips*, that even though the "foreclosure action was technically brought against [the defendant] and not the United States," the foreclosure action constituted an action against the Untied States because title to the properties had already vested in the Government prior to the foreclosure action pursuant to § 853(c). 185 F.3d 183, 188 (4th Cir. 1999). In *Phillips*, "[b]ecause the Government held title to the properties at the time of the sale, the foreclosure action constituted 'an action at law or equity against the United States' and was statutorily barred under § 853(k)." *Id.* The Fourth Circuit also noted that "[t]he procedural protections provided under § 853(n) afforded [lien holders] sufficient means to guard [their] interest in the properties." *Id.*

In the instant case, Plaintiff commenced the foreclosure action on November 21, 2011, subsequent to the United States' filing the indictment on October 11, 2011, which stated that the Real Property was subject to forfeiture. Therefore, pursuant to § 853(c), title to the Real Property had already vested in the United States when the indictment was filed, and Plaintiff's foreclosure action constitutes an action against the United States, even though "technically" the foreclosure action was not brought against the United States.

Plaintiff argues that, as of the date of filing, the United States had not filed a lien or *lis pendens* against the Real Property. ECF No. 7. The United States contends that it filed a *lis pendens* and provided Plaintiff with a copy upon receiving Plaintiff's Response. ECF No. 10. Nevertheless, even if Plaintiff's allegation is true, it has no bearing on whether Plaintiff is precluded from bringing his foreclosure action. Pursuant to § 853(k)(2), Plaintiff is barred from bringing a foreclosure action concerning his interest in the Real Property "subsequent to the filing of an *indictment* or information alleging that the property is subject to forfeiture under this section. 21 U.S.C. § 853(k)(2).

The government filed the indictment against Frederick D. Gibbs on October 11, 2011, which sought forfeiture of the Real Property. *See United States v. Gibbs*, Cr. No. 7:11-cr-2195-GRA (Oct. 11, 2011), ECF No. 3. Plaintiff commenced the state foreclosure action on November 21, 2011. *See Marzouca v. GFG Realty Fund, LLC*, Case No. 2011-CP-42-5112 (S.C. Ct. Com. Pl. Nov. 21, 2011). Thus, based

on the plain language of § 853(k)(2), Plaintiff cannot bring its civil action against the United States regardless of whether the county clerk filed the *lis pendens* in such a manner as to make it difficult for Plaintiff to locate.

**THEREFORE, IT IS HEREBY ORDERED** that the United States' Motion to Dismiss be GRANTED. Plaintiff's Complaint to Foreclose Mortgage is DISMISSED.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for a Hearing be DENIED as this Court deems it unnecessary.

**IT IS FURTHER ORDERED** that Defendants' Motion to Join the United States' Notice of Removal and Motion to Dismiss Removed Action is GRANTED.

**IT IS SO ORDERED**.

G. Ross Anderson, Jr.
Senior United States District Judge

March  16 , 2012
Anderson, South Carolina

NOTICE OF RIGHT TO APPEAL

Plaintiff has the right to appeal this order within sixty (60) days from the date of this Order, pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure. Failure to meet this deadline, as modified by Rule 4 of the Federal Rules of Appellate Procedure, will waive the right to appeal.